■ In the Matter of CARMEN MEDINA, Petitioner, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Cross motion of respondents New York City Department of Social Services, Mae Curley and Eliza Cunningham to dismiss the petition as untimely granted and the petition unanimously dismissed, without costs and without disbursements. If we were not dismissing the petition, we would confirm on the merits. Concur — Steuer, J. P., Tilzer, Capozzoli and Macken, JJ.

■ DAVIES, HARDY, IVES & LAWTHER, Plaintiff, v. GEORGE ABBOTT et al., Respondents, and ELLIS E. ERDMAN et al., Appellants.— Order entered June 26, 1974 and judgment entered July 12, 1974 in the Supreme Court, New York County, granting defendants Abbotts' motion for summary judgment and related relief, unanimously modified, on the law, as hereinafter indicated, and in other respects affirmed, without costs and without disbursements. Summary judgment against Phebe W. Erdman should be denied and Abbotts' cross claim against her dismissed. Mrs. Erdman was not a party to the stock purchase agreement which was assigned to her by her husband. The recital in the whereas clause that the assignee assumed the conditions of the agreement does not impose upon her the obligation of payment. Nothing has been demonstrated to show reliance by the Abbotts on the assignment as part of the agreement. It would appear that the Abbotts relied solely on Mr. Erdman for payment. Although we agree with Special Term that the Abbotts are entitled to specific performance of the agreement, they should not be permitted to collect the balance of the purchase price and keep the stock. In view of the special circumstances of this case we feel that the 260,940 shares of Ivy Broadcasting Company's stock should be delivered if the judgment is satisfied in full not later than December 1, 1975. If the judgment is not satisfied by the latter date, the stock is to be sold to the highest bidder at public auction on at least 30 days' written notice to the Erdmans. The proceeds from the sale are to be credited to the judgment. The purchaser at such sale shall have clear, unencumbered title to the stock. Settle order on notice. Concur — McGivern, P. J., Nunez, Murphy, Tilzer and Lane, JJ.